Filed 4/19/22  P. v. Torres CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091087 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SF113972A & STK-CR-FE-2010-0004760) |
| v. | |
| ELVIRA DESIDERIA TORRES, | |
| Defendant and Appellant. | |

In 2011, defendant Elvira Desideria Torres entered into a negotiated plea in which she pleaded guilty to voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] and second degree robbery (§ 211).  Defendant also admitted that she personally used a firearm during the commission of the voluntary manslaughter (§ 12022.5, subd. (a)).  Under the terms of the plea, the trial court sentenced defendant to 22 years in state prison along with various fines and fees.

---

[1]      Undesignated statutory citations are to the Penal Code.

1

In 2019, defendant filed a petition for resentencing under former section 1170.95. The trial court summarily denied the petition without appointing legal counsel for defendant or allowing the parties to file additional briefing. Defendant appeals.

In her opening brief, defendant contends (1) the trial court erred in summarily denying her petition without appointing legal counsel or giving the parties the opportunity to file additional briefing, and (2) the trial court erred in denying her petition based on her conviction of voluntary manslaughter. In the respondent's brief, the People argue that the trial court properly denied the petition on grounds that defendant had been convicted of voluntary manslaughter. After the respondent's brief was filed, the Governor signed Senate Bill No. 775 (2021-2022 Reg. Sess.), which amended section 1170.95, effective January 1, 2022. (Stats. 2021, ch. 551.) In a subsequently filed reply brief, defendant noted that Senate Bill No. 775 amended section 1170.95 so that she was entitled to resentencing. On February 10, 2022, the People filed a supplemental letter brief withdrawing the argument made in the respondent's brief and asserting that the proper remedy would be to remand this matter with instructions that the trial court appoint legal counsel for defendant, order briefing, and conduct a hearing under section 1170.95, subdivisions (b)(3) and (c).

We conclude that the trial court's denial of defendant's petition must be reversed and the matter remanded with directions to appoint legal counsel for defendant, order briefing, and hear the matter consistent with section 1170.95.

## FACTUAL AND PROCEDURAL HISTORY

An indictment filed in 2010 alleged that defendant met with the victim, Horacio Pineda, in his car at Oak Park. Defendant sent several text messages that she was with Pineda, that he had a " 'couple hundred' " dollars, and an unidentified quantity of narcotics. The person receiving the text messages instructed defendant to lure Pineda to Mattie Harrell Park. Defendant succeeded in getting Pineda to go to the location instructed by the texting party. The indictment alleged that defendant "sent a text

2

message to [the texting party], asking for an alibi of 'was I home the whole time' after Horacio Pineda was killed." The indictment charged defendant and Williamson Gauthier with murder (§ 187), robbery in the commission of a crime, and use of a handgun. The indictment appears to have originally charged Gauthier as the person who discharged a firearm that killed Pineda. At some point, however, all instances of Gauthier's name were stricken from the indictment.

On February 2, 2011, defendant entered a negotiated plea in which she admitted the charges of voluntary manslaughter, second degree robbery, and use of a firearm. The *entirety* of the factual basis for the plea consisted of her trial attorney's single statement that: "On May 31st into June 1st of 2008, within the County of San Joaquin, the defendant Elvira Torres personally used a firearm in the commission of amended Count 1, voluntary manslaughter."

On December 5, 2019, defendant field a petition for resentencing under former section 1170.95. On December 11, 2019, the trial court summarily denied the petition without appointing counsel or issuing a briefing schedule. Thereafter, defendant timely filed a notice of appeal.

## DISCUSSION

Defendant argues that she is entitled to the ameliorative effect of the recent amendment to section 1170.95, which applies to defendants who were convicted of manslaughter and accepted a plea in lieu of a trial in which the defendants could have been convicted of murder or attempted murder. The Attorney General agrees that defendant must be resentenced under section 1170.95. We apply the newly amended version of section 1170.95 to reverse and remand this matter for resentencing.

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) to amend " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

3

underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)  The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Id*. at p. 843.)

In 2019, when the trial court considered defendant's petition for resentencing, former section 1170.95 did not expressly permit a petition for resentencing on convictions for manslaughter.  (See § 1170.95, former subd. (a).)  However, Senate Bill No. 775, which became effective January 1, 2022 (Cal. Const., art. IV, § 8; Stats. 2021, ch. 551, § 2), amended subdivision (a) of section 1170.95 to read, in pertinent part:  "A person convicted of . . . attempted murder under the natural and probable consequences doctrine, or *manslaughter* may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder, or *manslaughter conviction* vacated and to be resentenced on any remaining counts . . . ."  (Stats. 2021, ch. 551, § 2, italics added.)

The parties agree, and we concur that these ameliorative amendments should be applied retroactively to defendant's case.  (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308; *People v. Porter* (2022) 73 Cal.App.5th 644, 652.)  In light of the current state of the law relating to resentencing, the People concede that defendant is entitled to reversal and remand for the appointment of counsel, briefing, and a determination of whether defendant has stated a prima facie case for relief.  (§ 1170.95, subds. (b)(3), (c).)  We accept this concession and therefore reverse and remand for these purposes.  (See Stats. 2021, ch. 551, § 1(b) [Sen. Bill No. 775 "[c]odifies the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case"]; *People v. Porter, supra*, 73 Cal.App.5th at pp. 652-653 [reversing and remanding for the appointment of counsel and further proceedings under amended § 1170.95].)

4

## DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed and the case remanded to the superior court.  On remand, the superior court is directed to appoint legal counsel for defendant and to conduct further proceedings consistent with amended section 1170.95, subdivision (c).  If the court issues an order to show cause, the court shall conduct further proceedings in accordance with amended section 1170.95, subdivision (d).


    /s/
HOCH, Acting P. J.


We concur:


    /s/
RENNER, J.


    /s/
KRAUSE, J.